**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

WAK, INC. d/b/a PENGRAPHIX
PRINTING, INC.,

    Plaintiff,

v.                                Case No.: 3:08-cv-517-RV-MD

CENTURY SURETY COMPANY,

    Defendant.
_____/

## ORDER

Now pending is the defendant's motion to bifurcate (doc. 14).

**I.   Background**

This case involves an insurance dispute in which the plaintiff seeks coverage from its insurer, Century Surety Company, for the alleged theft of a printing press. The plaintiff seeks damages for the value of the printing press and loss of business income. The defendant has denied coverage on the basis that no theft or other covered cause of loss occurred. Pursuant to the final scheduling order, discovery is scheduled to close on July 24, 2009, and the case will be ready for trial well before the end of 2009. The defendant now moves to bifurcate the discovery and trial as between the coverage issue and the damages issue and "stay discovery on those matters unrelated to coverage until the coverage issue can be determined."

**II.   Discussion**

I begin by noting, as other courts have, that, as a general rule, "a case is to be tried as a single unit and not broken into piecemeal trials," *see Ward v. Estaleiro Itajai S/A,* 541 F. Supp. 2d 1344, 1353 (S.D. Fla. 2008).  Nevertheless, Rule 42(b) of the Federal Rules of Civil Procedure provides that: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." This rule "confers broad discretion on the district court in this area." *Harrington v. Cleburne*

Page 2 of 3

*County Bd. of Educ.,* 251 F.3d 935, 938 (11th Cir. 2001). The burden rests with the moving party to show that bifurcation is necessary, and allowing piecemeal litigation is the exception rather than the rule. *See, e.g., Response of Carolina, Inc. v. Leasco Response, Inc.,* 537 F.2d 1307, 1323-24 (5th Cir. 1976) ("[W]e have cautioned that separation of issues is not the usual course that should be followed . . . .") (citation omitted).

The defendant does not contend in its motion that separate discovery and trials are necessary to avoid prejudice. Rather, it claims that bifurcation is justified in the interests of judicial efficiency and economy because if there is no coverage under the insurance contract, then the litigation ends. Thus, "the parties will avoid the considerable expense and time associated with conducting discovery on damages when it is likely that coverage does not exist in the first instance such that no damages whatsoever would be covered." There are at least three problems with this argument.

First, this case does not appear to be complex or difficult, nor does it involve allegations of bad faith. To the contrary, it is a straightforward first party coverage dispute involving the alleged theft of a particular and specific piece of equipment. It is difficult to imagine, therefore, that it will require "considerable expense and time" for the parties to conduct discovery on damages. Second, although defendant opines that "it is likely that coverage does not exist," it is also possible that there is coverage. If the plaintiff prevails on this issue, rather than serving the interests of judicial economy, bifurcation will actually be inefficient for additional discovery and the separate trial on damages will then be required.[1] And lastly, the

> Defendant has failed to demonstrate that the particular facts and
> circumstances of this case justify bifurcation. A civil case by its very nature
> almost always involves the dual issues of liability and damages. Following
> Defendant's argument to its logical conclusion, every civil trial should
> therefore be conducted in two phases[.] Clearly, this is an untenable

---

[1] Further, as plaintiff points out, to the extent that the coverage issue must be resolved in the defendant's favor, Rule 56 provides an appropriate mechanism for disposing of the claim prior to trial.

*Case No.: 3:08-cv-517-RV-MD*

proposition. Defendant has failed to set forth any specific reason why the Court should exercise its discretion to bifurcate the trial of this relatively-straightforward insurance dispute.

*Dzaflic v. Geovera Speciality Ins. Co,* 2008 WL 3874602 (M.D. Fla. 2008) at *1.

### III.     Conclusion

In sum, although there are appropriate circumstances to grant bifurcation, such circumstances are not present in this simple and straightforward insurance dispute. Accordingly, the defendant's motion to bifurcate (doc. 14) must be, and is, DENIED.

**DONE and ORDERED this 24th day of April 2009.**

/s/ *Roger Vinson*
**ROGER VINSON
Senior United States District Judge**

*Case No.: 3:08-cv-517-RV-MD*