UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.: 3:08 CV 517/RV/MD

WAK, INC. d/b/a PENGRAPHIX
PRINTING, INC.

    Plaintiff,

v.

CENTURY SURETY COMPANY,

    Defendant.
_____/

## **CONFIDENTIALITY STIPULATION AND ORDER**

Upon the stipulation of the parties, by and through their respective undersigned counsel, IT IS HEREBY ORDERED:

1. This Protective Order ("Order") is entered pursuant to Federal Rule of Civil Procedure 26(c)(7) for the purpose of protecting confidential, sensitive and proprietary information of the parties or non-parties in connection with this lawsuit, including specifically financial or legal documents of William Kenter, whether produced by Plaintiff or obtained through other legal process.

2. Any party producing or filing documents or other materials in this action may obtain confidential treatment for the information contained therein pursuant to this Order by typing or stamping on that document, or on the portion of the document for which confidential treatment is desired, "Confidential Pursuant to Court Order." In addition, any party may obtain confidential treatment for a document or other materials in this action by obtaining the prior written consent of the other party.

3. When used in this Order, the word "document" means all written, recorded or graphic matters whatsoever and all copies (identical or non-identical) thereof including, but not limited to, pleadings, interrogatory answers, motions, briefs, responses to discovery, transcripts of testimony, all records or information, compilations of which are made or maintained by electronic, photographic or mechanical means, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

4. Any party giving deposition testimony in this action, whether through its officers, employees, directors or otherwise, may obtain confidential treatment thereof pursuant to this Order by advising the reporter during the course of that testimony as to those portions of the testimony for which confidential treatment is desired. The reporter shall separately transcribe and bind those portions of the testimony so designated as confidential and shall mark the face of the separately bound transcript containing such confidential testimony. If the transcript so

1

marked is filed with the Clerk of the Court, the same shall be filed under seal.

5. Whenever any documents or transcripts afforded confidential treatment pursuant to this Order are introduced as exhibits, or otherwise utilized, in connection with deposition testimony given in this action, counsel introducing such exhibits, or using such information in the examination of a witness, shall advise the reporter that the portions of the testimony which refer thereto and the exhibits themselves shall be afforded confidential treatment pursuant to this Order. The reporter shall separately transcribe those portions of the testimony so designated, bind therewith the confidential exhibits to which the testimony refers, and mark the face of the separately bound transcript with the words "Confidential Pursuant to Court Order." If the portion of the transcript so marked is filed with the Clerk of the Court, the same shall be filed under seal.

6. To the extent that any motions, briefs, pleadings or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials or portions thereof as "Confidential Pursuant to Court Order" and shall file the same with the Clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record of this proceeding.

7. All documents or other materials subject to this Order, and all information derived therefrom, shall not be used, directly or indirectly, by any party for any business, commercial or competitive purposes, or for any purpose whatsoever other than the preparation and trial of this action in accordance with the provisions of this Order. The designation of a document as "confidential" in these proceedings shall not prevent discovery of the same document in any other proceeding through the use discovery procedures allowed in the other proceeding.

8. Except with the prior written consent of the party asserting confidential treatment or the prior Order of the Court, after notice as provided in Paragraph 14 hereof, any document or transcript afforded confidential treatment pursuant to this Order, or any information contained in, or derived from, any such document or transcript, may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than the Court, and:

(a) Counsel of record for the respective parties to this litigation;
(b) Clerks, paralegals, secretaries or other employees of such counsel assigned to assist such counsel in the preparation of this litigation;
(c) Persons or organizations retained or employed in conjunction with this case as advisors, consultants or expert witnesses;
(d) The Court or appropriate Court personnel; and
(e) Only those employees of a party who, in the determination of the attorney for that party, have a need-to-know for purposes directly related to the prosecution or defense of this lawsuit.

ALL PERSONS TO WHOM CONFIDENTIAL INFORMATION AND/OR DOCUMENTS ARE DISCLOSED ARE HEREBY ENJOINED from using same except in the preparation for trial and trial of this action and from disclosing same to any other person, including their clients, except as provided herein. No person receiving such confidential document or transcript shall disclose it or its contents to any person other than those described in this paragraph and for the

2

purposes specified, and in no event shall such person make any other use of such document or transcript.

9. Any person to whom disclosure is made pursuant to Paragraph 8 of this Order (other than counsel of record in these proceedings and paralegal, secretarial or other personnel regularly employed thereby and assisting in the preparation for trial and trial of this action) shall be advised concerning the terms of this Order, shall be given a copy of this Order and shall acknowledge in writing at the foot of a copy of this Order that such person has read and understands the provisions of this Order. This paragraph shall not, however, preclude presentation or disclosure of documents or information subject to this Order to a witness in preparation for or during a deposition or trial, provided that said witness is not given a copy of any such document to take from the place of said deposition or trial, and is provided with a copy of this Order and is advised of record that the provisions of this Order are applicable to such witness. Any such witness to whom any party discloses at deposition or trial such documents or information shall be bound by the provisions of this Order requiring non-disclosure of any such documents or information and shall be subject to sanctions upon any failure to comply therewith. The party examining such witness shall have fulfilled its obligations under this Order upon compliance with the notification procedures herein described. Counsel for each party shall maintain a list of all persons described in Paragraph 8(c) above to whom such counsel has disclosed or exhibited any documents or information subject to this Order and, for good cause shown, such lists shall be available for inspection by counsel for other parties upon Order of this Court.

10. For the convenience of the Clerk of the Court, any document or transcript designated as "Confidential Pursuant to Court Order" may, at the option of counsel for any party to this action, be held by counsel under the terms of this Order and not filed under seal with the Court until the time of trial of this action. Any document or transcript designated as "Confidential Pursuant to Court Order" which is filed with the Court shall be maintained under seal by the Clerk and shall be made available only to the Court and to counsel for the parties until further Order of this Court.

11. Whenever a party objects to the designation of documents, transcripts or other information as confidential pursuant to this Order, it may apply to the Court by motion for a ruling that the document, transcript or other materials shall not be so treated after giving ten (10) days written notice of such objection to the party asserting such confidential treatment. Until this Court enters an Order, if any, changing the designation of the document or transcript, it shall be afforded the confidential treatment provided in this Order. If the material in question was produced in this lawsuit by a non-party, that non-party shall be given reasonable notice and an opportunity to be heard in response to the motion. The party or non-party seeking to maintain the classification of the material as Confidential Information shall have the burden of proving that such classification is warranted under the standards of Federal Rules of Civil Procedure 26(c)(7).

12. Within sixty (60) days after the final termination of this litigation, all documents, transcripts or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom shall be returned to the party having produced or furnished the same. In the alternative, by written agreement signed by both parties, all documents as described above may be destroyed or suitably discarded in a manner to be

3

determined by the parties.

13. In the event any party intends to utilize documents or information subject hereto at any hearing or at trial in this action, that party shall notify counsel who has asserted confidentiality with respect to such materials of such intention, with specificity, at least ten (10) days in advance of the hearing or trial. In the event a hearing is held on less than ten (10) days notice, the party shall notify counsel who has asserted confidentiality at the earliest possible time prior to the hearing, but no less than twenty-four (24) hours in advance of the hearing or trial. Counsel asserting confidentiality may then undertake to obtain further orders, agreements or procedures as are necessary to preserve the confidentiality asserted.

14. Nothing contained herein shall affect or restrict the rights of any party with respect to its own documents. In addition, no party shall be bound by this Order as to any information which it possessed prior to this action or received at any time independently of discovery proceedings herein or from a source other than the person designating the information to be Confidential under this Order.

15. The inadvertent production in this litigation by a litigant of any documents shall not be deemed a waiver of privilege with respect to that document or the subject matter thereof. The burden of proving inadvertent production is on the litigant making such claim.

16. The originals of the documents subject to this Order shall remain in the custody and control of the party asserting confidential treatment. Subject to the provisions of this Order, copies of these documents may be used for all purposes as if they were originals.

17. Nothing in this Order shall be construed or shall operate as an admission or agreement as to whether any particular information is entitled to be treated as Confidential Information, or is otherwise subject to discovery, or is admissible in evidence. Nothing in this Order shall prevent any party from seeking modification of this Order.

18. The restrictions of this Order regarding disclosure and use of Confidential Information shall survive the termination of this lawsuit.

19. All rights, remedies, undertakings, and obligations in this Order shall be cumulative, and none shall be in limitation of any other. Breach occurs upon dissemination of confidential information by a party, its assigns, or its employees and hired personnel in paragraph 8 (a)-(e). The signature of personnel hired by the parties in acknowledgement of this Order's terms and conditions will not absolve the prime party from its obligations and said party shall remain fully liable for action or inaction of those identified in 8 (a)-(e). Parties to this Order shall be required to use best efforts to ensure compliance with the mandates of this Agreement by a party or its assigns or others as identified in paragraph 8 (a) –(e). Further, any violation of the terms of this agreement by a party or its assigns or personnel as identified in paragraph 8 (a) – (e) shall be made known to the other party immediately upon knowledge but in no event more than ten (10) days from such knowledge. Failure to abide by the above will result in an independent breach of this Order.

20. A breach of this Order creates a presumption of irreparable injury to the person seeking enforcement. In the event of a breach by any party, its employees and hired personnel in

paragraph 8 (a)-(e), remedies available include, but are not limited to, temporary and permanent injunction. If confidential information is disseminated in violation of this Order in any legal proceedings, the document shall not be admissible at trial nor may it be used against the innocent party during the subject trial or during the legal proceeding active at the time of violation. More than a single violation by any party, its assigns, or hired personnel in paragraph 8 (a)-(e) may result in a dismissal of the pending lawsuit or lawsuits during which dissemination takes place in violation of this Order. Said remedies do not preclude legal action based on tort, contract, or statutory cause for damages resulting from the violation of this Order or harm resulting therefrom, including its attorneys' fees and costs.

Stipulated to on this __14th__ day of __July__, 2009:

*/s/ J. Phillip Warren*
J. Phillip Warren, Esquire
FBN: 0662143
Taylor, Warren & Weidner
1823 North 9th Avenue
Pensacola, FL 32503-5270
Ofc: 850-438-4899

*/s/ Lauren S. Curtis*
Lauren S. Curtis, Esquire
FBN: 150940
Michael B. Buckley, Esquire
FBN: 365734
BUCKLEY & FUDGE, P.A.
650 16th Street, North
St. Petersburg, FL 33706
Tel: 727-490-3100

**SO ORDERED** on this ___ day of July, 2009

Hon. Roger Vinson
United States District Judge

5